SAMUEL S. PERRY *v.* UNITED STATES

**No. 6820.**—Invoice dated Mexico, D. F., January 8, 1945.
Certified January 8, 1945.
Entered at El Paso, Tex. February 8, 1945.
Entry No. 2638.

(Decided January 30, 1947)

*Lawrence & Tuttle (George R. Tuttle, Joseph Schwartz,* and *Charles J. Evans* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Harold L. Grossman,* special attorney), for the defendant.

EKWALL, Judge: This is an appeal from the finding of value made by the appraiser upon 1,500 sets of palm-leaf shopping bags imported from Mexico. They were entered at Mexican pesos 2.25 per set of two and appraised in the same currency at 3.35 per set, both prices plus containers, packing, and Mexican stamp tax. Each set consists of two sizes, one 36″ x 36″ and the other 34″ x 34″. The goods were ordered on December 16, 1944, and the date of exportation is given as February 8, 1945. Plaintiff claims that the market value of the bags, whether it be found to be the foreign value or export value as defined by section 402 (c) or (d) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the same as the entered value.

The testimony of a member of the importing firm, Mr. Samuel S. Perry, may be summarized as follows. He has been importing goods from Mexico since 1942. He has made trips to Mexico to buy goods and speaks Spanish in a fashion and understands it a little bit. While in Mexico he purchased the bags in suit from one Salvador Musalem, the manufacturer, through a commissionaire, Artes y Industrias. Just prior to the time he left Mexico in February 1945, he was offered 2,000 more sets of these bags at Mexican pesos 2.25 per set but did not accept the offer. He received no other offers. He had seen a manufacturer's price list of these articles in Mexico City, issued by Salvador Musalem, around the first of the year (1945), in which the price of sets such as these is given as Mexican pesos 3.35 per set. However, the price list meant very little as the people in Mexico follow the oriental system of doing business; everyone has a different price and it all depends upon the ability of the buyer to do business with them. In substantiation of this statement, he testified that the manufacturer offered the bags to him at a price different from that given on the list. Prior to December 1944, there had been a depression which caused a wide fluctuation of prices and this continued until some time in February 1945.

The plaintiff also offered and there was received in evidence without objection a letter from the manufacturer of these goods to Artes y Industrias Mexicanas, together with a translation thereof, in which the writer states that the only sales made of these sets at the price of 2.25 were made to said Artes y Industrias Mexicanas and that this concession in price was made because of the large stock on hand and the lack of orders. It is further stated in this letter that the established price for these bags is 3.35 for small quantities and 2.90 for large quantities, packing, freight, and all expenses for account of purchaser; that the price on April 6, 1945, when the letter was written, was 2.90 for a set of two, when sold in large quantities to wholesalers or exporters and 3.35 when sold in small quantities to retailers.

On the part of the Government three affidavits were offered and received in evidence. In the first of these the affiant testified that early in January 1945, her firm ordered, in the ordinary course of trade, in usual wholesale quantities, 12 dozen palm-leaf shopping bags, manufacturer's numbers 101 and 102, at Mexican pesos 3.35 per set of two from Salvador Musalem. The second affidavit stated that in March 1945, the affiant's firm ordered from Salvador Musalem, in the ordinary course of trade, in usual wholesale quantities, 185 sets of palm-leaf shopping bags, Nos. 101 and 102, at Mexican pesos 3.35 per set. The third affiant testified that on February 10, 1945, his firm ordered from the same manufacturer, in the ordinary course of trade, in usual wholesale quantities, 200 sets of bags Nos. 101 and 102 at 3.35 per set. He subsequently ordered 200 sets which were exported from Mexico and entered at Laredo on May 30 and June 5, 1945, and on July 30, 1945, he ordered 100 sets at the same price, this merchandise being exported from Mexico and entered at Laredo on August 14, 1945.

It is noted that these affidavits cover bags bearing manufacturer's numbers 101 and 102. The instant merchandise is described on the invoice under item number 319/100. However, Mr. Volpe, who signed the last-named affidavit, testified orally that the bags in suit, represented by collective exhibit 1, were exactly the same in appearance as the bags Salvador Musalem sells for his numbers 101 and 102, and that they are very similar and are the same type of bags shipped by Musalem to him, and "we considered them the same."

The importer contends that the evidence is insufficient upon which to base a finding that the bags described as manufacturer's numbers 101 and 102 are the same as those here involved. It is the opinion of the court that the testimony of Mr. Volpe is sufficient to show that the bags in suit and those described by manufacturer's numbers 101 and 102 are similar if not practically identical.

Nowhere is there any satisfactory proof as to the usual wholesale quantity. The affidavit of Mr. Volpe states that his purchase of 200

sets was "in the usual wholesale quantity." The other affidavits state that the merchandise covered thereby was ordered "in the ordinary course of trade * * * in wholesale quantities." However, they do not state that these orders were in the *usual* wholesale quantities. It is well established that the usual wholesale quantity is determined by the greatest number of sales in wholesale quantities. *United States* v. *M. Minkus*, 21 C. C. P. A. (Customs) 382, T. D. 46912, and cases therein cited. In the instant case there is no evidence of the number of sales made to wholesalers or exporters and those made to what are described as retailers.

From the testimony of Mr. Perry and the manufacturer's letter in evidence, it is apparent that the said manufacturer had a quantity of these goods on hand which he sold to Artes y Industrias who, in turn, offered them to this importer at a price of Mexican pesos 2.25 a set. It is evident that this price was based upon the size of the quantity ordered, i. e., 1,500 sets. The quantities set forth in the three affidavits produced on behalf of the Government were 200, 185, and 72 sets. In view of the testimony of Mr. Perry that the depression in Mexico continued until after the early part of February 1945, after which the prices rose, evidence of sales at 3.35 subsequent to that date would be of little probative value. Evidence of sales at the higher price, 3.35, at or about the time of exportation of this merchandise, is contained in Mr. Volpe's affidavit which covers orders in February, only one of which was in the early part of that month, i. e., February 10, the other being under date of February 19.

The admissibility of the affidavits offered on behalf of the Government was challenged on the ground that they were not signed in the presence of one authorized to administer oaths. They were admitted over objection of counsel for the plaintiff. In view of the finding that two of the affidavits relate to sales too remote in time to have any bearing on the outcome of this suit, and further, that Mr. Volpe, who made the remaining affidavit, was produced at the trial and an opportunity was given plaintiff's counsel for cross-examination, a discussion of the admissibility of said affidavits would serve no useful purpose.

The presumption of correctness attaching to the appraiser's finding of value of 3.35 per set carries with it the presumption that this value was for sales in the usual wholesale quantity. While it is not clear what that quantity consisted of, it does appear that there was a wide discrepancy between the quantity involved in the instant shipment and the quantities shown by the oral testimony of Mr. Volpe and by his affidavit in evidence.

Where the plaintiff challenges the correctness of the appraised value, he is charged with the burden of meeting every material issue involved in the case. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276; *United States* v. *T. D. Downing Co.*, 20 C. C. P. A.

(Customs) 251, T. D. 46057; *United States* v. *Gane & Ingram, Inc.*, 24 C. C. P. A. (Customs) 1, T. D. 48264.

Upon the record it is clear that the plaintiff has not met his burden of proof and has failed to sustain the burden of establishing values for this merchandise other and different from the appraised value.

I therefore find and so hold that the market value for these bags, whether foreign or export, is the presumptively correct value found by the appraiser, i. e., Mexican pesos 3.35 per set of two, plus containers, packing, and Mexican stamp tax.

Judgment will be rendered accordingly.